DEE O. BLACKMON and DELORES P. BLACKMON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blackmon v. Commissioner
Docket No. 22975-80.
United States Tax Court
T.C. Memo 1983-412; 1983 Tax Ct. Memo LEXIS 377; 46 T.C.M. (CCH) 767; T.C.M. (RIA) 83412; July 18, 1983. *377 Held, the portion of petitioner's flight training expenses which were reimbursed by the Veterans Administration are not deductible as educational expenses. Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir., Sept. 20, 1982), followed. John D. Copeland and Jerry A. Wells, for the petitioners. Elena Diaz, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioners' Federal income taxes for the taxable year 1977 of $4,602.52. The issue for decision is whether the portion of petitioner's flight training expenses which were reimbursed by the Veterans Administration are deductible as educational expenses. Some of the facts have been stipulated. The stipulation and the exhibits attached thereto are incorporated herein by reference. Petitioners Dee O. Blackmon (hereinafter "petitioner") and Delores P. Blackmon, husband and wife, resided at Hurst, Texas, at the time the petition was filed. Throughout the taxable year 1977, petitioner was employed as an Air Carrier Operations Inspector (B-707 Airman Certification) with the Southwest Region *378 of the Federal Aviation Administration, Department of Transportation in Fort Worth, Texas. Petitioner attended Braniff Education Systems, Inc. between May 23, 1977, and June 3, 1977, inclusive, for a Boeing 747 training course. In connection with this course, petitioner incurred educational expenses of $12,193 attributable to tuition and fees and $64 attributable to travel expenses to attend the course. Petitioners deducted the full amount of these expenses on their 1977 tax return. Pursuant to 3 U.S.C. section 1677 (1976), in 1977 the Veterans Administration reimbursed petitioner for 90 percent of the cost of his tuition and fees in the above course. The amount of the reimbursement was $10,973.70. In filling out their 1977 tax return, petitioners' return preparer relied on the then position of the Internal Revenue Service as announced in Rev. Rul. 62-213, 1962-2 C.B. 59, and Publication 17, "Your Federal Income Tax" (1978 ed.). In his statutory notice of deficiency, respondent determined that the $10,973.70 of petitioner's flight training expenses which were reimbursed by the Veterans Administration were not deductible as educational *379 expenses. Petitioners contend that the receipt of the Veterans Administration reimbursement did not render the educational expenses herein nondeductible. Further, petitioners argue that in the event we sustain respondent's current position, retroactive application of this position to petitioners' case would be improper. In Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir., Sept. 20, 1982), we held that the portion of flight training expenses reimbursed by the Veterans Administration under 38 U.S.C. section 1677 were not deductible as educational expenses because such expenses were allocable to a class of tax exempt income. See section 265(1), I.R.C. 1954. We also held that respondent was not estopped from applying this holding retroactively, notwithstanding the taxpayer's reliance on Rev. Rul. 62-213 and Publication 17 in claiming the disputed deduction. For the reasons stated in Manocchio, we hold for respondent in the instant case. Decision will be entered for the respondent.